825 So.2d 530 (2002)
In the Interest of P.S., a child.
F.S.G., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 2D01-4524.
District Court of Appeal of Florida, Second District.
September 13, 2002.
Heather M. Gray, Riverview, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
F.S.G., the father of the minor child, P.S., challenges the trial court's order adjudicating the child dependent. We conclude that the trial court abused its discretion in admitting proof of a prior 1993 DUI incident and in declaring this child dependent. Because the record does not demonstrate that the child was at substantial risk of imminent abuse, abandonment, or neglect as a result of the father's actions, we reverse. See § 39.01(14)(f), Fla. Stat. (1999).
We observe first that the trial court abused its discretion in admitting evidence of the father's prior DUI arrest and in considering that incident in reaching its determination of dependency. Although similar fact evidence of such prior conduct may be admissible to prove a material fact that is at issue,[1] the evidence here of the father's previous DUI arrest, which occurred six years before the instant proceedings and long before P.S. was born, was not, by itself, relevant to any material fact in issue. See Foburg v. State, 744 So.2d 1175 (Fla. 2d DCA 1999).
*531 Next, although the trial court did not specify the grounds on which it found the child dependent, only two of the six possible statutory grounds could apply factually. See § 39.01(14)(a), (f). Having determined that the child was not abandoned, abused, or neglected pursuant to section 39.01(14)(a), as those terms have been statutorily defined, we conclude that the only basis for the court's adjudication of dependency must be section 39.01(14)(f). See §§ 39.01(14)(a); 39.01(1); 39.01(2); 39.01(30); 39.01(46).
Under section 39.01(14)(f), a child may be found dependent if the court finds the child to be "at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians." The facts contained in the record on appeal do not support such a finding here. "The issue in prospective neglect or abuse cases is whether future behavior will adversely affect the child and can be clearly and certainly predicted." Palmer v. Dep't of Health & Rehabilitative Servs., 547 So.2d 981, 984 (Fla. 5th DCA 1989). Based on the evidence below, we conclude that the trial court abused its discretion in finding that the father's single act "clearly and certainly" predicted future neglect.
Reversed.
BLUE, C.J., and STRINGER, J., Concur.
NOTES
[1] See § 90.404(2)(a), Fla. Stat. (1999).