KELLY, Judge.
C.M. (the father) appeals from the order adjudicating his biological children, C.M., C.M. and Z.M., dependent. The trial court found that the father had “an anger management problem” and had used “inappropriate parenting approaches” when he became angry, and as a result had harmed his children. The father argues that the Department’s evidence was legally insufficient to warrant an adjudication of dependency. We agree and reverse.
The dependency adjudication in this case was based primarily on an incident involving the father and his teenage stepdaughter. The mother described the incident as a verbal altercation that began when she asked if anyone had put dish *766 washer detergent into the dishwasher. The argument became physical after the stepdaughter said “sorry” in an “inappropriate” tone. The father felt that the stepdaughter had been disrespectful to him, and he struck her on the shoulder. He struck her a second time as she retreated from the room, causing a small bruise on her back. They continued to fight as the father followed the stepdaughter into her bedroom. At this point, the mother intervened and broke up the fight.
The Department also offered evidence of two other incidents. The first occurred when the father accidentally hit one of his stepsons with a toy crate, causing a black eye. The second was an incident of domestic violence against the mother which occurred in 1995, before the father’s children were born. The mother testified that the incident was the result of the father’s consumption of alcohol and that he had not, to her knowledge, consumed any alcohol since the incident. There was also testimony that some of the stepchildren had scars and bruises on them; however, their mother attributed those injuries to accidents caused by the boys’ hyperactivity. There was no evidence of any injuries to the father’s biological children.
In’ order to adjudicate a child dependent, the trial court must find by a preponderance of the evidence that the child has been abused, abandoned, or neglected or is at substantial risk of imminent abuse, abandonment, or neglect. § 39.01(14), Fla. Stat. (2000); In the Interest of D.J.W., 764 So.2d 825 (Fla. 2d DCA 2000). In this case, the Department sought to establish that the father’s biological children were at substantial risk of imminent abuse, abandonment, or neglect based on incidents involving his stepchildren. Children who have not been abused may be adjudicated dependent based on abuse inflicted upon their siblings; however, the evidence must demonstrate a nexus between the abuse and any prospective abuse to another sibling. O.S. v. Dep’t of Children & Families, 821 So.2d 1145 (Fla. 4th DCA 2002); D.H. v. Dep’t of Children & Families, 769 So.2d 424 (Fla. 4th DCA 2000). Generally, this nexus is established when the parent has a mental or emotional condition that will continue, such as mental illness, drug addiction, or pedophilia, and which will make it highly probable that in the future the parent will abuse or neglect another child. D.H., 769 So.2d at 427. See Gaines v. Dep’t of Children & Families, 711 So.2d 190 (Fla. 5th DCA 1998) (stating that to establish nexus the Department must produce evidence that the parent’s behavior was beyond his control, was likely to continue, and placed the children at risk).
We find this case analogous to D.H., in which the Fourth District reversed the dependency of D.H.’s biological daughter based on prospective abuse. The dependency was based on an incident where D.H.’s stepdaughter was in the yard playing with a dog. D.H. yelled at her to attend to the dog because it was being choked by its leash. D.H. kicked his stepdaughter in the head, causing her to fall. The child did not need medical attention. There was no testimony of any harm or abuse to D.H.’s child, M.H., or any other incidents of abuse to his stepdaughter. The court found that the evidence presented was legally insufficient to support the adjudication of dependency for D.H.’s biological child because there was no nexus between the abuse to his stepdaughter and any prospective abuse to his child.
Likewise, in this case, the evidence upon which the Department relied to establish prospective abuse is legally insufficient to support such a finding. The Department presented no testimony from any professional or expert to suggest that the father *767 had an anger management problem, and the evidence that it did present does not support such a conclusion. Nor did the Department offer evidence that the father had any mental condition or addiction that would cause his reactions to be beyond his control. Finally, although the record shows that the father may have occasionally been harsh in disciplining his stepchildren, there is no evidence that he ever harmed his biological children. Accordingly, we reverse the order adjudicating the father’s biological children dependent.
Reversed.
ALTENBERND, C.J., and CASANUEVA, J., Concur.