876 So.2d 647 (2004)
In the Interest of J.A.H., a child, and D.G.S., a child,
A.R., Appellant,
v.
Department of Children and Family Services, and Guardian Ad Litem Program, Appellees.
No. 2D03-2372.
District Court of Appeal of Florida, Second District.
June 18, 2004.
Heather M. Gray, Riverview, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee Department of Children and Families.
No appearance for Appellee Guardian Ad Litem Program.
CANADY, Judge.
A.R., a mother, appeals an order adjudicating her son, D.G.S., and her daughter, J.A.H., dependent. We conclude that the *648 adjudication of dependency as to D.G.S. was supported by competent, substantial evidence and consequently affirm that adjudication. However, we conclude that the adjudication as to J.A.H. was not supported by competent, substantial evidence and therefore reverse that adjudication.
The evidence presented at the dependency hearing indicated that A.R. had permitted her father, who suffered from a number of health problems, to live with her for a period of approximately two years. Testimony at the hearing indicated that A.R.'s father had a "nasty" disposition and had a particularly difficult time getting along with A.R.'s eight-year-old son, D.G.S. The strained relationship between the grandfather and D.G.S. culminated in an incident in which the grandfather wrapped his hand in a sheet and struck D.G.S. in the head. When the Department of Children and Family Services learned of this incident, they removed both D.G.S. and his younger sister, J.A.H., from A.R.'s home and instituted dependency proceedings.
A.R. testified that her father had lived at her home because he could not live independently due to his health problems and because his unpleasant disposition made other relatives unwilling to provide him shelter. She admitted that she had been aware of the poor relationship between her father and D.G.S. for some time but stated that she had attempted to mitigate any problems by having D.G.S. live mostly with A.R.'s mother. She also stated that, shortly after the removal of her children from her home, she found appropriate government subsidized housing for her father and that at the time of the hearing he was no longer in her home.
A child may be adjudicated dependent if the court finds that the child was "abandoned, abused, or neglected," § 39.01(14)(a), Fla. Stat. (2003), or that the child is "at substantial risk of imminent abuse, abandonment, or neglect," § 39.01(14)(f). We review the trial court's order adjudicating D.G.S. and J.A.H. dependent under an abuse of discretion standard. D.H. v. Dep't of Children & Families, 769 So.2d 424, 426 (Fla. 4th DCA 2000) (noting that the trial court's discretion is "very broad with respect to proceedings involving child welfare").
On appeal, A.R. contends that the adjudication of dependency as to D.G.S. was improper because there was no evidence that D.G.S. was "abandoned, abused, or neglected by the child's parent or parents, legal custodians, or caregivers." § 39.01(14)(a). Specifically, A.R. argues that she was not a participant in the grandfather's abuse of D.G.S. and took reasonable measures to prevent it. A.R. also argues that no evidence was presented to support the trial court's finding of dependency with respect to J.A.H.
In this case, competent, substantial evidence was presented that the mother knew of the grandfather's propensity to abuse the child but nonetheless permitted them to be together without direct and continuous supervision. Section 39.01(2) defines abuse, in pertinent part, as "any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." Section 39.01(3) also provides that abuse "includes acts or omissions." Section 39.01(30) defines "`[h]arm' to a child's health or welfare" to include situations where a person "[n]egligently fails to protect a child in his or her care from inflicted physical, mental, or sexual injury caused by the acts of another." The evidence presented was legally sufficient for the trial court to conclude that, through omission of proper supervision when the incident occurred, A.R. had negligently *649 permitted D.G.S. to be abused by the grandfather, despite evidence that A.R. had taken some measures to avoid the abuse. We therefore conclude that the trial court did not abuse its discretion in adjudicating D.G.S. dependent.
We conclude, however, that the trial court erred by adjudicating J.A.H., D.G.S.'s younger sister, dependent. It was undisputed that J.A.H. was not directly abused. "Children who have not been abused may be adjudicated dependent based on abuse inflicted upon their siblings; however, the evidence must demonstrate a nexus between the abuse and any prospective abuse to another sibling." C.M. v. Dep't of Children & Family Servs., 844 So.2d 765, 766 (Fla. 2d DCA 2003). Here, there was no demonstration of any nexus between the abuse of D.G.S. and any prospective abuse of J.A.H.
The apparent basis for the adjudication was that J.A.H. might have been harmed by witnessing the abuse suffered by her older brother. Section 39.01(30)(i) provides that "harm" to a child can occur when any person "[e]ngages in violent behavior that demonstrates a wanton disregard for the presence of a child and could reasonably result in serious injury to the child." But this type of harm can only occur when the "domestic violence [is] committed in the presence of [the] child," and "the child sees or is aware of the violence occurring." D.D. v. Dep't of Children & Families, 773 So.2d 615, 617-18 (Fla. 5th DCA 2000). Here there was no evidence that J.A.H. actually witnessed or was cognizant of the abuse of D.G.S. by the grandfather and thus there was no basis for the trial court's determination that J.A.H. was dependent. We therefore reverse the adjudication of dependency as to J.A.H.
Affirmed in part, reversed in part, and remanded with instructions.
CASANUEVA and SALCINES, JJ., Concur.