944 So.2d 1197 (2006)
C.W., the father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D06-143.
District Court of Appeal of Florida, Third District.
December 20, 2006.
*1198 Marc Anthony Douthit, Miami, for appellant.
Karla Perkins, Miami, Department of Children and Family Services, for appellee.
Before FLETCHER, SHEPHERD, and SUAREZ, JJ.
SUAREZ, J.
C.W. (the "father") appeals the order adjudicating his daughter (the "child") dependent. We reverse.
The father argues that the adjudication of dependency must be reversed because there is no competent substantial evidence that the child is at substantial risk of imminent harm. We agree.
The father and mother[1] lived with the father's ten-year-old niece and the child, their own infant daughter. The niece was removed from the home when the police discovered that the mother subjected her to severe corporal punishment which left scars on her body. The Department of Children and Family Services ("DCF") initially left the child at issue with the parents because there was no evidence that she had been abused. After an adjudicatory hearing, the court found that the father had failed to protect his niece from severe physical abuse at his wife's hands. The court found that the child was at substantial risk of imminent abuse due to the father's failure to protect the niece from the wife's excessive corporal punishments and declared the child dependent. This appeal by the father followed.
A child who is "dependent" is one who has been abused, abandoned, or neglected, or who is found by a court "[t]o be at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians." § 39.01(14)(f), Fla. Stat. (2006). Children who have not been abused may still be found to be at substantial risk of imminent abuse and declared dependant by a court due to abuse inflicted upon a sibling. See In re M.F., 770 So.2d 1189, 1194 (Fla.2000). However, for the court to make such a finding, the evidence must demonstrate a *1199 nexus between the abuse of one sibling and the prospective abuse to another sibling:
Generally, this nexus is established when the parent has a mental or emotional condition that will continue, such as mental illness, drug addiction, or pedophilia, and which will make it highly probable that in the future the parent will abuse or neglect another child.
G.R. v. Dep't of Children & Family Servs., 937 So.2d 1257, 1262-63 (Fla. 2d DCA 2006); see, e.g., O.S. v. Dep't of Children & Families, 821 So.2d 1145 (Fla. 4th DCA 2002).[2]
In the instant case, there is no evidence in the record to establish the required nexus between the father's failure to protect his niece from the mother's abuse, and a substantial risk of imminent harm to the child. DCF presented no evidence that the father suffered from any mental or emotional condition, drug addiction, or any other mental or emotional problem which would make it highly probable that in the future he would abuse or neglect the child. The father was not accused of directly abusing his niece, and there was no allegation that either parent had abused the child. Although there was some evidence that the father eventually found out that the mother had hit the niece, he was never accused of inappropriately disciplining her himself. Such evidence, without the required nexus, is simply too tenuous and speculative to support an adjudication of dependency based on prospective abuse. See C.M. v. Dep't of Children & Family Servs., 844 So.2d 765 (Fla. 2d DCA 2003) (insufficient nexus between evidence that father physically abused his stepchildren, and prospective abuse of his natural children, where there was no evidence that the father had a psychological or substance abuse problem that would cause him to act uncontrollably, and he had never harmed his biological children); J.B.P.F. v. Dep't of Children & Families, 837 So.2d 1108 (Fla. 4th DCA 2003) (insufficient nexus between evidence that mother and her boyfriend handcuffed older son and poured a bottle of hot sauce in his mouth, and risk of prospective abuse of younger daughter with no discipline problems); D.H. v. Dep't of Children & Families, 769 So.2d 424 (Fla. 4th DCA 2000) (insufficient nexus between father's single act of kicking stepdaughter in the head, and imminent abuse of natural daughter); Eddy v. Dep't of Children & Family Servs., 704 So.2d 734 (Fla. 5th DCA 1998) (insufficient nexus between father's prior sexual abuse of his nephews, and prospective sexual abuse of his natural female child).
The adjudication of dependency as to the father is therefore reversed.
Reversed.
NOTES
[1] The mother is not a party to this appeal.
[2] A trial court's adjudication of dependency is affirmed on review if it applies the correct law and its factual findings are supported by competent substantial evidence. G.R., 937 So.2d at 1260.