NORTHCUTT, Judge.
L.R. is the mother of two children who were adjudicated dependent both as to her and as to their father, J.C.[1] We reverse.
The petition for dependency[2] alleged that the children were at “substantial risk or imminent threat of harm o[r] abuse or neglect” from L.R. on four bases: violence, § 39.01(30)(i), Fla. Stat. (2005); failure to protect the children, § 39.01(30)®; substance or alcohol abuse, § 39.01(30)(g); *1243 and abandonment, § 39.010(1). See § 39.01(14)(f). The circuit court found that the Department of Children and Family Services had failed to prove the alleged abandonment. The court based its dependency adjudication on the three other allegations.
We review a dependency adjudication for abuse of discretion. An adjudication of dependency will be upheld if the court applied the correct law and its factual rulings are supported by competent substantial evidence. See R.F. v. Dep’t of Children & Families (In re M.F.), 770 So.2d 1189, 1192 (Fla.2000).
Section 39.01(14)(f) permits an adjudication of dependency if the court finds the children to be “at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians,” even if no actual abuse is proved. But this prospective abuse must, indeed, be “imminent.” See N.D. v. Dep’t of Children & Family Servs. (In re T.B.), 939 So.2d 1192, 1194 (Fla. 2d DCA 2006). Thus, the issue is whether “future behavior will adversely affect the child and can be clearly and certainly predicted.” F.S.G. v. Dep’t of Children & Family Servs. (In re P.S.), 825 So.2d 530, 531 (Fla. 2d DCA 2002). Put another way, the court must determine whether the prospective abuse is “likely to happen” or “expected.” J.L. v. Dep’t of Children & Family Servs. (In re J.L.), 824 So.2d 1023, 1025 (Fla. 2d DCA 2002). Moreover, courts have required a nexus between the parent’s alleged conduct and the potential for future abuse of the child. See N.D., 939 So.2d at 1194.
VIOLENCE
Domestic violence may constitute either harm to a child’s health or welfare as defined in section 39.01(30), or abuse of a child as defined in section 39.01(2). Harm can occur when a person “[e]ngages in violent behavior that demonstrates a wanton disregard for the presence of a child and could reasonably result in serious injury to the child.” § 39.01(30)(i). However, domestic violence may constitute “harm” only if it occurs in the child’s presence. M.B. v. Dep’t of Children & Family Servs. (In re K.B.), 937 So.2d 709, 710 (Fla. 2d DCA 2006); S.B. v. Dep’t of Children & Family Servs. (In re E.B.), 834 So.2d 415, 416 (Fla. 2d DCA 2003). Some evidence must show that the child has seen the violence or was aware of it. A.R. v. Dep’t of Children & Family Servs. (In re J.A.H.), 876 So.2d 647, 649 (Fla. 2d DCA 2004); D.D. v. Dep’t of Children & Families, 773 So.2d 615, 617-18 (Fla. 5th DCA 2000). For domestic violence to constitute “abuse,” the child must witness the violence and the violence must result in some physical, mental, or sexual injury to the child. M.B., 937 So.2d at 711; W.T. v. Dep’t of Children & Families, 787 So.2d 184, 185 (Fla. 5th DCA 2001).
In this case, the circuit court’s dependency order found that “the mother and the father engaged in domestic violence in the presence of the children.” See § 39.01(14)(f). In its oral ruling, the court found that the domestic violence placed the children at risk of abuse and neglect. We have detailed the evidence presented on this point in the father’s appeal, J.C. v. Dep’t of Children & Family Servs. (In re L.C.), 947 So.2d 1246 (Fla. 2d DCA 2007), and will not reiterate it at length here. Suffice it to say, the Department relied on documents in which L.R. and J.C. had previously accused each other of sundry violent acts. But these documents, save one, all addressed incidents that occurred before 2000, when the oldest of the parties’ children was born. DCF also questioned L.R. about a shooting incident in 1997. As we held in J.C., these incidents, remote in time and not involving the children, were *1244 not sufficiently predictive to support an adjudication of dependency based on prospective abuse. See N.D., 939 So.2d at 1194; F.S.G, 825 So.2d at 531; J.L., 824 So.2d at 1025.
The one document that pertained to violence after the children’s births was the father’s written petition for a domestic violence injunction against L.R., filed in February 2004. His form petition alleged that L.R. struck him, threw a bottle at him, tossed hot coffee on him while he was driving, and pulled his hair. He checked a box on the form that indicated the incidents took place in the presence of the children. At trial, however, J.C. asserted that he had checked that box inadvertently, and that the incidents had not occurred in the children’s presence. The circuit court specifically found that his explanation was not credible.
Even so, this document was not sufficient to support the circuit court’s finding that the parties had engaged in violence in the children’s presence. Obviously, the document was hearsay. § 90.801(1), Fla. Stat. (2005). Section 90.801(2)(a) provides an exception to the hearsay rule if the declarant testifies at trial, is subject to cross-examination concerning the statement, and “the statement is inconsistent with the declarant’s testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition .... ” (Emphasis supplied.) J.C. did testify, and he disavowed his prior written assertion that L.R.’s violence had taken place in the children’s presence. Thus, his written statement in support of the request for a domestic violence injunction against L.R. was a prior inconsistent statement. But the statement was not made in the manner described in section 90.801(2), i.e., under oath in a trial or other proceeding. Therefore, it did not meet the requirements of the section 90.801(2)(a) hearsay exception and was not admissible as substantive evidence. It was merely a prior inconsistent statement, admissible only to impeach the declarant. See Smith v. State, 880 So.2d 730, 741 (Fla. 2d DCA 2004) (stating that a witness’s prior inconsistent statement to a police officer cannot be used as substantive evidence).
Consequently, J.C.’s prior inconsistent statement in his written request for an injunction against L.R. was not substantive evidence that L.R. committed violent acts in the children’s presence. This document was DCF’s only evidence on this point. The parents both denied that L.R. had ever acted violently in front of the children. Without any competent evidence of such acts, there was insufficient evidence to predict that L.R.’s behavior put the children at risk of abuse or neglect as required for an adjudication of dependency under section 39.01(14)(f). See N.D., 939 So.2d at 1194; F.S.G., 825 So.2d at 531; J.L., Sr., 824 So.2d at 1025.
FAILURE TO PROTECT
The petition for dependency alleged that L.R. failed to protect the children “from inflicted physical, mental, or sexual injury” because she frequently allowed them to be alone with their father, J.C., when she knew of his violent tendencies. See § 39.01(30)(j). The circuit court adjudicated the children dependent on this ground based on the same violent acts addressed in our previous discussion of the domestic violence evidence, and in our opinion in J.C. The court also pointed to L.R.’s assertion that she would have no reservations about leaving the children with their father in the future.
We first note that the petition did not allege that L.R.’s children had been injured, either mentally, physically or sexually. Generally, in these cases, it is al *1245 leged that the parent failed to protect the child from harm that actually occurred. See, e.g., G.R. v. Dep’t of Children & Family Servs. (In re C.R.), 937 So.2d 1257 (Fla. 2d DCA 2006) (concerning father who used excessive punishment and mother who failed to protect child from the father’s acts); A.B. v. Dep’t of Children & Family Servs., 901 So.2d 324 (Fla. 3d DCA 2005) (affirming a dependency where mother failed to protect her daughter from sexual abuse when the daughter had told her mother about the abuse).
But dependency can be based on evidence that a parent will place a child at substantial risk of imminent abuse by failing to protect the child from an abuser even when the child has not been previously abused. This scenario usually arises when a person has abused one of several children and the parent failed to protect the abused child. DCF must prove that the nonabused child is at risk from the abuser and that the parent will also fail to protect that child. See G.R, 937 So.2d at 1262-63; C.M. v. Dep’t of Children & Family Servs. (In re C.M.), 844 So.2d 765, 766 (Fla. 2d DCA 2003).
But section 39.01(14)(f) requires a nexus between the parent’s behavior and the prospective abuse. See N.D., 939 So.2d at 1194; F.S.G., 825 So.2d at 531; J.L., 824 So.2d at 1025. In failure-to-protect cases, two nexuses must be proved: first, that the abuser’s acts demonstrate that he or she will continue the abuse; and second, that the parent’s behavior shows that he or she will continue failing to protect the child. Regarding the first nexus, as explained in our opinion in J.C., the evidence in this case was insufficient to prove that J.C.’s past behavior demonstrated that he would abuse the children in the future. Thus, DCF failed to prove a threat of prospective abuse from which the children needed protection. Concerning the second nexus, DCF presented no evidence that L.R. had failed to protect the children in the past. Indeed, it offered no proof that the children had been harmed or abused at all. Consequently, there was no competent evidence to support a finding that L.R. would fail to protect them in the future.
SUBSTANCE ABUSE
The circuit court found that “the mother’s chronic and severe use of illegal drugs has demonstrably affected the children.” See § 39.01(30)(g). In arriving at this finding, the court again relied on J.C.’s written request for a domestic violence injunction, in which he alleged that L.R. took one of the children with her on an eight-hour drug binge. At trial, J.C. disavowed the allegation. He testified that L.R. had left with one of their children for about eight hours, but that when she returned she was not under the influence of drugs or alcohol. L.R. denied that she had purchased or used drugs during this outing. She recounted that she and the child had gone to a park and then visited a friend. As we stated in our discussion of the domestic violence issue, J.C.’s prior inconsistent statements were not substantive evidence. See Smith, 880 So.2d at 741; Department of Health and Rehabilitative Services v. M.B., 701 So.2d 1155, 1157, 1160. They did not provide competent evidence that L.R.’s drug use demonstrably affected the children, as required in section 39.01(3)(g). See P.C. v. Dep’t. of Children & Family Servs., 898 So.2d 195, 198 (Fla. 2d DCA 2005); J.S. v. Dep’t of Children & Family Servs. (In re C.S.), 892 So.2d 1155, 1157-58 (Fla. 2d DCA 2005).
At trial, L.R. did admit that she had used drugs in the past and had been committed under the Baker Act and the Marchman Act as a result. But she and *1246 J.C. both denied that she had used drugs in the presence of the children. She testified that she had tried to stop using drugs and had voluntarily attended drug abuse rehabilitation programs, but she admitted that she had suffered a relapse several years before the trial. Still, DCF presented no evidence, other than J.C.’s 2004 request for a domestic violence injunction, to substantiate the section 39.01(30)(g) requirement that L.R.’s drug use “demonstrably affected” the children. As such, there was no competent evidence to prove that the children were at substantial risk of imminent abuse or neglect because of L.R.’s drug problem. See § 39.01(14)(f), N.D., 939 So.2d at 1194; F.S.G., 825 So.2d at 531; J.L., 824 So.2d at 1025, see also P.C., 898 So.2d at 198; J.S., 892 So.2d at 1157-58.
CONCLUSION
For all the reasons stated, we reverse the adjudication of dependency as to L.R. We note that the record contains allegations against her that arose after DCF filed the dependency petition at issue in this case and that were not addressed at the trial below. Our decision today is grounded solely on the evidence presented at that trial.
Reversed.
CASANUEVA and SALCINES, JJ., Concur.

. Our opinion in J.C. v. Dep't of Children & Family Servs. (In re L.C.), No. 2D06-219, 947 So.2d 1246, 2007 WL 258145 (Fla. 2d DCA January 31, 2007), is being issued simultaneously with this opinion.

. The second amended petition for dependency-