WALLACE, Judge.
E.J.-G. (the Father) appeals an amended final judgment adjudicating his two daughters to be dependent as to him. N.E. (the Mother) consented to an adjudication of dependency as to herself. The trial court found that the Father abused and neglected his children by failing to protect them from the Mother’s neglect and by permitting the children to live in a hazardous environment. Because the trial court’s findings are not supported by competent, substantial evidence, we reverse the amended final judgment as to the Father.
The Father and the Mother have two daughters: E.J.-G. and D.J.-G. At the time of the events that led to the filing of the petition for dependency, E.J.-G. was three years of age and D.J.-G. was two. The Mother also has three daughters— J.E., S.E., and J.E.(2) — by a different father. At the time of the events that led to the filing of the petition for dependency, J.E. was fifteen years of age, S.E. was thirteen, and J.E.(2) was nine. The Father, the Mother, and the five children lived together in an apartment. The Father worked during the day, and the Mother worked a night shift. The Father watched the five children while the Mother was at work.
On April 20, 2009, the Department of Children and Family Services (the Department) filed a petition to shelter the five children. In the shelter petition, the Department alleged that the Father had been arrested on March 18, 2009, on a charge that he had sexually abused J.E.(2). The charges of sexual abuse against the Father were subsequently dropped. The Department also alleged that the two younger children had been found twice wandering outside the family’s apartment. The Mother was arrested for child neglect, “as she failed to take action to prevent her children from getting out of the home.” On both occasions when the younger children were found outside the family’s apartment, the Father was in jail and the Mother was asleep at home.
The Department subsequently filed an amended petition for adjudication of dependency alleging (1) that “[t]he [F]ather has sexually molested [the three older] children and has been arrested,” (2) that “[t]he [Fjather has failed to protect [the] children from the [M]other’s neglect,” and (3) that “[t]he [F]ather has permitted the children to live in a hazardous environment.” The Department also alleged (1) that “[t]he [M]other has repeatedly failed to provide ... proper adult supervision” for the children, (2) that “[t]he [M]other *111 permitted the [two younger] children ... to wander the streets and nearby areas,” and (3) that “[t]he [M]other permitted the children to live in a hazardous environment.”
A case plan was filed on May 26, 2009, but only the Mother signed it. The Father’s two daughters were given a comprehensive behavioral health assessment. It appeared that both girls were happy and normal in all respects and that no further evaluation was necessary.
To support its claims that the Father had abused and neglected his children, the Department presented the testimony of a child protection investigator who visited the family apartment on April 17, 2009. When the investigator visited the apartment, the Mother had recently been arrested for permitting the two younger children to wander around outside unsupervised. The child protection investigator testified:
[A]s the children had been left unsupervised[,] the home was in disarray, they had gotten into the bathroom and there was pink bath water in the bathtub. They both took off their diapers[;] those were laying [sic] around. There was cleaner just sprinkled on the bathroom floor, it was in disarray.
The cause of the pink water in the bathtub was never explained.
Of course, the removal of the children from the household was precipitated by the Mother’s arrest, not by anything the Father did or failed to do. The Father was in jail during both incidents when the children left the apartment and when the children were removed. The Father obviously had no responsibility for the Mother’s failure to supervise the children or for the “disarray” in the apartment while he was incarcerated.
The Mother’s three older children each testified at the hearing that the Father had touched them inappropriately. The Father denied any inappropriate contacts with the Mother’s three older children. He testified that the three older children concocted their complaints about him as part of a plan to cause his removal from the Mother’s household. The trial court made no finding on the validity of the older children’s claims of sexual abuse at the hands of the Father. But the trial court did find that the Department had offered no evidence to suggest that the Father would molest his own children. Accordingly, the trial court found that the Department had not established a basis for adjudicating the Father’s children dependent as to him based on the claims of sexual abuse committed against the Mother’s three older children.[1] See R.F. v. Fla. Dep’t of Children & Families, 770 So.2d 1189, 1193-94 (Fla.2000) (holding that the Department must establish a nexus between the abuse of one child and the likelihood of abuse to the child the Department seeks to have adjudicated dependent); C.M. v. Dep’t of Children & Family Servs., 997 So.2d 513, 515 (Fla. 2d DCA 2008) (same).
“An adjudication of dependency will be upheld if the .court applied the correct law and its factual rulings are supported by competent substantial evidence.” L.R. v. Dep’t of Children & Family Servs., 947 So.2d 1240, 1243 (Fla. 2d DCA 2007) (citing R.F., 770 So.2d at 1192). Here, the trial court’s findings of abuse and neglect of E.J.-G. and D.J.-G. by the Father are *112 not supported by any evidence at all. It is undisputed that the Father was in jail when the two younger children were found wandering the apartment complex and when the child protection investigator found the family apartment in a state of “disarray.” Thus the Father had no responsibility for the children’s wanderings or for the condition of the apartment. And the trial court eschewed any reliance on the evidence of sexual molestation of the older children as a basis for its order. Thus the amended final judgment adjudicating the children, E.J.-G. and D.J.-G., to be dependent as to the Father is not supported by competent, substantial evidence. Accordingly, we reverse the amended final judgment finding the Father’s children to be dependent as to him.
Reversed.
CASANUEVA, C.J., and KELLY, J„ Concur.

. The amended final judgment contains the following finding in support of the order of dependency as to the Father: "The [F]ather has sexually molested [the Mother's] children and has been arrested." This finding is inconsistent with the trial court’s oral ruling made at the conclusion of the trial and appears to be the result of a scrivener’s error.