42 So.3d 938 (2010)
In the Interest of J.D., a child.
S.D., Appellant,
v.
Department of Children & Family Services and Guardian Ad Litem Program, Appellees.
No. 2D10-1717.
District Court of Appeal of Florida, Second District.
August 27, 2010.
John E. Hendry, Regional Counsel, Second District, Bartow, and James Harris, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Bartow, for Appellant.
Jeffrey Dana Gillen, West Palm Beach, for Appellee Department of Children and Families.
Laura E. Lawson, Tavares, for Appellee Guardian ad Litem Program.
BLACK, Judge.
Appellant, S.D. (the Mother), appeals an order adjudicating her twenty-two-month-old child dependent. The Mother asserts that the trial court failed to set forth the required factual findings in support of its determination of dependency and that the evidence presented at the hearing was legally insufficient to sustain the determination. We agree and reverse the order of dependency.

Background
Appellee, the Department of Children and Family Services (DCF), commenced the instant proceeding on December 14, 2009, by filing a petition seeking dependency, alleging that the child was abused, abandoned, or neglected and that the child's physical, mental, or emotional health was in danger. A shelter hearing *939 was held, and the child remained in the custody of the Mother and father. At the December 2009 arraignment, both parents denied the allegations in the petition. In February 2010, the father, who is not a party to this appeal, consented to the petition for dependency. The Mother contested dependency, and a hearing was held March 11, 2010.
At the dependency hearing, the Mother and the child protective investigator were the only witnesses. The Mother was questioned about the father's history of domestic violence and whether she was a victim of domestic violence. The Mother testified that the father had never pushed her, hit her, or scratched her. She admitted that he had thrown items but stated they were not thrown at her. The Mother acknowledged that on a day the child protective investigator met with her, she had scratches on her neck and chest. When asked how she had gotten those scratches, the Mother testified that she sometimes scratches herself around her throat when she is anxious.
The second witness, the child protective investigator, testified that he observed bruising and scratching on the Mother during their meeting. He confirmed that the Mother told him she scratches herself when she is nervous and that the bruising was the result of walking into a car door. The investigator then gave his opinion that "often bruises like that are from struggle and attempted choke." He also stated that the Mother told him the father throws things but that he would never lay his hands on her.
The investigator testified that he had no evidence that any alleged domestic violence has had any impact on the child or that it occurred when the child was in the room.
On March 18, 2010, the trial court issued its written order adjudicating the child dependent and accepting a case plan as to the Mother. The trial court also ordered that the child remain in the temporary custody of the parents under the protective supervision of DCF. In paragraph four of the order, the trial court found that the factual basis for the adjudication of dependency was the father's consent. No additional findings were made.

Discussion
A trial court's adjudication of dependency is a mixed question of law and fact and will be sustained on review if the trial court applied the correct law and its factual findings are supported by competent, substantial evidence in the record. L.R. v. Dep't of Children & Family Servs., 947 So.2d 1240, 1243 (Fla. 2d DCA 2007). Reversal of an order adjudicating a child dependent is warranted where the evidence before the trial court is legally insufficient to sustain the finding of dependency. J.S. v. Dep't of Children & Family Servs., 979 So.2d 1202, 1205 (Fla. 2d DCA 2008).
In this case, the trial court's order does not reference and the record does not contain competent, substantial evidence supporting the finding of dependency. The only evidence presented in support of the dependency petition was the father's domestic violence history and hearsay evidence of his violence toward the Mother. Domestic violence may constitute harm sufficient for an adjudication of dependency if it "demonstrates a wanton disregard for the presence of a child and could reasonably result in serious injury to the child," or if the violence actually results in "physical, mental or sexual injury" to the child. § 39.01(32)(i), (j), Fla. Stat. (2009).
Here, the only evidence of domestic violence was the child protective investigator's opinion as to the cause of the scratching and bruising on the Mother's neck and *940 chest. See C.M. v. Dep't of Children & Families, 6 So.3d 728, 729 (Fla. 4th DCA 2009). No evidence was presented that the child saw or heard any alleged violence or was otherwise in the presence of such violence. Neither was evidence presented that the child has been impacted, or could reasonably be impacted, by any alleged violence.
Accordingly, we reverse the adjudication of dependency.
CRENSHAW and MORRIS, JJ., Concur.