*932
 
 PER CURIAM.
 

 Appellant, J.T. (Mother), appeals the trial court’s Order of Adjudication of Dependency as to K.U. and Supplemental Order of Adjudication as to A.U. Appellant alleges the order was facially deficient and/or that there was insufficient evidence to support the trial court’s findings. For the reasons explained below, we agree and reverse.
 

 Commendably, both the Florida Department of Children and Families (Department) and the Guardian ad Litem concede that there was insufficient evidence to support the trial court’s order. Our review of the order and the record leads us to agree; consequently, the order adjudicating K.U. dependent is reversed.
 

 As to A.U., although the Department apparently sought an adjudication of dependency and the title of the trial court’s order indicates it is a “Supplemental Order of Adjudication” as to A.U., in the body of the order the trial court simply finds that the Mother abused A.U. but does not indicate whether A.U. was in fact adjudicated dependent. Further, the order is devoid of any factual findings to support the trial court’s conclusion that the Mother abused A.U. and lacks “the parenting skills necessary to provide the child with a safe and secure living environment.” Consequently, the order lacks any factual findings to adjudicate A.U. dependent as to the Mother. This alone warrants reversal.
 
 See M.S. v. Dep’t of Children & Families,
 
 827 So.2d 1089, 1090 (Fla. 1st DCA 2002) (holding a “circuit court’s dependency order ‘must state the facts upon which the finding is made’ ” and the “[f]ailure to make the statutorily required findings of fact requires that the adjudication be vacated.”) (quoting
 
 T.S. v. Dep’t of Health & Rehabilitative Serv’s,
 
 557 So.2d 676, 677 (Fla. 2d DCA 1990)).
 

 In the dependency petition, the Department alleged the Mother
 
 neglected
 
 A.U. by virtue of her alleged abuse of K.U. To the extent this was the basis for the trial court’s finding that the Mother
 
 abused
 
 A.U. and that she lacks adequate parenting skills, such a finding requires reversal, as there was insufficient evidence to support a finding that the Mother either abused or neglected K.U.
 

 For the foregoing reasons, the trial court’s Order of Adjudication of Dependency as to K.U. and Supplemental Order of Adjudication as to A.U. is REVERSED, and the cause is REMANDED with instructions to the trial court to vacate the order.
 

 BENTON, C.J., DAVIS and THOMAS, JJ., concur.