SHEPHERD, J.,
concurring specially.
This is an appeal from a final order adjudicating A.F.’s minor child, D.F., dependent. The entirety of the order entered by the trial court reads as follows:
FINDINGS OF FACT: Based on the testimony presented by Dr. Sopeyin, Jackson Memorial Hospital Emergency Physician Pediatric Emergency Room Doctor, Dr. Caceda, University of Miami Psychiatrist, Stephanie Schein, Case Manager from His House, [A.F.], the mother and the maternal cousin, the child is at imminent risk of harm due to the mother’s emotional and mental health.
Florida Rule of Juvenile Procedure 8.332(a), Order Finding Dependency, states as follows:
(a) Finding of Dependency. In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a find *1146 ing of dependency,[1] specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence. The court shall include the dates of the adjudicatory hearing, if any, in the order.
The adjudication in this case was based on “imminency” of harm. A child may be adjudicated dependent on the basis of “im-minency” if a child is found by the court “[t]o be at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians.” § 39.01(15)(f), Fla. Stat. (2011).
The order in this case purports to find that D.F. was “neglected” within the meaning of section 39.01 of the Florida Statutes (2011). Section 39.01 of the Florida Statutes defines “neglect” as follows:
(44) “Neglect” occurs when a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter or medical treatment or a child is permitted to live in an environment when such deprivation or environment causes the child’s physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.
(emphasis added). Only four witnesses testified in this particular case. All four are mentioned in the trial court’s “Findings of Fact.” The trial court does not discuss any of their testimony, even though it is clear from the record, as the trial court stated at the conclusion of the hearing:
Okay. I have no doubt that the mom loves her child and would not harm her child. But I’m going to find in favor of the State. I think the mom does need some guidance, some help[,] and I’m going to adjudicate the child dependent.
[[Image here]]
But I do find that the child is in imminent risk of harm due to the mom’s emotional and mental state.
Despite failing to discuss any of the testimony or to include any facts to support its finding, the trial court reached the legal conclusion the child was dependent simply by alluding to all of the testimony that “the child is at imminent risk of harm due to the mother’s emotional and mental health.”
Although there are facts that support the adjudication, there also are some facts which militate against an imminency finding. “While all imminent abuse or neglect is prospective in nature, all prospective abuse is not imminent within the meaning of the statute.” J.C. v. Dep’t of Children & Family Servs., 937 So.2d 184, 191 (Fla. 3d DCA 2006) (emphasis added). Thus, in all imminency cases the issue is whether “future behavior will adversely affect the child and can be clearly and certainly predicted.” In re P.S. v. Dep’t of Children & Family Servs., 825 So.2d 530, 531 (Fla. 2d DCA 2002) (emphasis added); Palmer v. Dep’t of Health & Rehab. Sersv., 547 So.2d 981, 984 (Fla. 5th DCA 1989); see also Nicholson v. Scoppetta, 3 N.Y.3d 357, 369, 787 N.Y.S.2d 196, 820 N.E.2d 840 (N.Y.2004) (“Imminent danger, however, must be near or impend *1147 ing, not merely possible”). In this case, we have no findings from the trial court, only an invitation to look into the record ourselves. Such an invitation is inadequate to uphold a finding of dependency. See E.B. v. Dep’t of Children & Families, 54 So.Sd 1090, 1090 (Fla. 4th DCA 2011) (reversing adjudication of dependency where the order in the case failed to comply with Florida Rule of Juvenile Procedure 8.332(a)); accord T.S. v. Dep’t of Children & Family Servs., 979 So.2d 1202, 1206 (Fla. 2d DCA 2008); see also J.T. v. Florida Dep’t of Children & Families, 48 So.3d 931, 932 (Fla. 1st DCA 2010) (reversing adjudication of dependency on the ground the order is devoid of any factual finding to support the trial court’s conclusion that the mother abused A.U. and lacks “the parenting skills necessary to provide the child with a safe and secure environment”).
I concur in the decision of the majority.

. In a dependency case, oral findings in the record may not be relied upon to cure an otherwise defective written order. See Fla. R. Juv. P. 8.332(a). See also § 39.507(6), Fla. Stat. (2011) ("If the court finds that the child named in a petition is dependent, but chooses not to withhold adjudication or is prohibited from withholding adjudication, it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to provide for the child as adjudicated.”).