NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of J.H., Le.H., and La.H.,　)
children.　)
_____)
　)
GUARDIAN AD LITEM PROGRAM,　)
　)
　　　　Appellant,　)
　)
v.　)　Case No. 2D16-2200
　)
C.H. and N.H.; and DEPARTMENT OF　)
CHILDREN AND FAMILES,　)
　)
　　　　Appellees.　)
_____)

Opinion filed November 16, 2016.

Appeal from the Circuit Court for Lee
County; Lee Ann Schreiber, Judge.

Laura J. Lee, Sanford, for Appellant.

Michael Mummert, Naples, for Appellees
C.H. and N.H.

Stephanie C. Zimmerman, Children's Legal
Services, Bradenton, for Appellee
Department of Children and Families.

MORRIS, Judge.

　　　　The Department of Children and Families (DCF) filed a petition for

dependency of the appellees' three young children: Le.H., his twin brother La.H., and

their toddler sister, J.H.  The trial court adjudicated Le.H. dependent but denied the

petition as to La.H. and J.H. The Guardian Ad Litem Program (GAL) appeals, asserting that the trial court abused its discretion by finding that La.H and J.H. are not at substantial risk of imminent harm. We agree. Because the trial court failed to recognize the nexus between the severe abuse of Le.H. and the substantial risk of significant harm to his siblings, we reverse.

## BACKGROUND

When Le.H. was two months old, his mother brought him to the hospital emergency room for a fever and cough. An x-ray of the infant showed multiple rib fractures in several locations and at different stages of healing. DCF was notified and filed a shelter petition as to all three children; however, the trial court granted the petition as to Le.H. but denied the petition as to his siblings. The GAL filed a petition for writ of certiorari to review this order, and this court granted the petition and quashed the order to the extent that it failed to shelter La.H. and J.H. We held that because the trial court found probable cause to shelter Le.H. based on his parents' alleged physical abuse through the unexplained rib fractures, the trial court departed from the essential requirements of law when it failed to shelter his similarly situated siblings who were equally susceptible to the kind of physical abuse inflicted upon Le.H. N.H. v. Dep't of Children & Families, 192 So. 3d 592, 594-95 (Fla. 2d DCA 2016).

While the certiorari proceeding was pending in this court, the trial court held an adjudicatory hearing on DCF's dependency petition. In an April 2016 order— just one month shy of this court's issuance of the opinion quashing the shelter order— the trial court granted the dependency petition as to Le.H., finding that his parents had abused or had not protected him. The trial court denied the dependency petition as to

La.H. and J.H., finding that they are not at imminent risk of substantial harm.  We hold that the trial court's finding is not supported by substantial competent evidence.

Numerous witnesses testified at the dependency adjudicatory hearing concerning Le.H.'s injuries.  An image screening taken in September 2015 showed no evidence that Le.H. had any fractures.  But x-rays performed on Le.H. at the emergency room in November 2015 revealed multiple rib fractures in different locations and at different stages of healing.  Le.H.'s mother and father denied harming him.

A physician working with the Child Protective Team (CPT) who examined Le.H.'s November x-ray results testified that Le.H. suffered several different rib fractures with at least one or two different stages of healing.  The physician ordered additional x-rays, which were taken on November 21, 2015.  This set of x-rays indicated that the initial fractures were still present and revealed an additional fracture on the left tenth rib that was not initially visible.  The physician opined that the fractures occurred on three or four different occasions and were indicative of physical abuse.  Le.H. suffered from no underlying medical conditions.  The physician explained that an infant suffering from rib fractures would experience pain, discomfort, and fussiness.

Law enforcement officers testified that neither the mother nor the father could explain the injuries.  Additionally, a detective related that when speaking about Le.H.'s injuries, the mother seemed more concerned about potential consequences at work than the actual injuries themselves.  He explained that while law enforcement had not established probable cause to arrest anyone for Le.H.'s injuries, the investigation revealed that only the mother, the father, and the maternal grandmother have cared for the children.  The Child Protective Supervisor and Child Welfare Case Manager testified

that their concerns for all three children have not been alleviated; in their opinions, La.H. and J.H. remain in immediate danger based on Le.H.'s unexplained, significant injuries and the mother's inability to care for her three, very young children.

**DISCUSSION**

A child may be adjudicated dependent if the court finds by a preponderance of the evidence that the child is abused, abandoned, or neglected or that the child is "at substantial risk of imminent abuse, abandonment, or neglect." See § 39.01(15)(a), (f), Fla. Stat. (2015). We review a dependency adjudication as a mixed question of law and fact and will affirm the trial court's findings if they are supported by competent, substantial evidence. See S.T. v. Dep't of Children & Family Servs., 87 So. 3d 827, 833 (Fla. 2d DCA 2012). Abuse is defined as "any willful act or threatened act that results in any physical, mental, or sexual abuse, injury, or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." § 39.01(2). With regard to potential abuse, the questions become whether future behavior (1) will adversely affect the child and (2) can be clearly as well as certainly predicted. See F.S.G. v. Dep't of Children & Family Servs., 825 So. 2d 530, 531 (Fla. 2d DCA 2002).

In our opinion quashing the order that failed to shelter La.H. and J.H., we recognized that "the connection between the unexplained abuse of a child and the substantial risk of significant harm to a sibling can warrant the removal of both children, even though one child has yet to be abused." N.H., 192 So. 3d at 595; see also Dep't of Children & Family Servs. v. K.D., 88 So. 3d 977 (Fla. 2d DCA 2012), superseded on other grounds by § 39.806(1)(f), Fla. Stat. (2014); H.B. v. Dep't of Children & Family

Servs., 971 So. 2d 187 (Fla. 2d DCA 2007). In determining whether a connection or nexus exists, the inquiry is whether DCF proved that there is a substantial risk of harm to the sibling stemming from the abuse of the child. K.D., 88 So. 3d at 984. To that end, courts must examine the totality of the circumstances surrounding the dependency or termination petition. See, e.g., R.F. v. Fla. Dep't of Children & Families, 770 So. 2d 1189, 1194 (Fla. 2000) (holding that a ruling of dependency cannot be based solely on the fact that the parent committed a sex act on a different child; instead, the decision must focus on all of the circumstances).

When we quashed the initial shelter order for failing to shelter La.H. and J.H, we relied largely upon the reasoning outlined in K.D., in which we reviewed an order terminating the parental rights to identical twins—one of whom suffered fractures to his leg, skull, and ribs during the first two weeks of his life. K.D., 88 So. 3d at 980. We found that although K.D.'s sibling did not suffer any abuse, "he was identically situated to his injured twin and equally susceptible to the same unexplained abuse." N.H., 192 So. 3d at 595 (citing K.D., 88 So. 3d at 986). Even though a termination of parental rights case is subject to a higher standard of proof than the preponderance of the evidence standard used in a dependency proceeding, the fact remains that in this case, as in K.D., an infant suffered significant injuries—characterized as physical abuse—that are unexplained.

Likewise, although La.H and J.H. had suffered no abuse as of the date of the dependency hearing, both young children are identically situated to Le.H. based on age, vulnerability, and proximity. Because Le.H.'s unexplained injuries were inflicted on multiple occasions and competent substantial evidence shows that Le.H.'s similarly

situated siblings are at risk of suffering the same kind of physical abuse, the trial court's finding that both La.H. and J.H. are not at risk of imminent danger is contrary to our holding in K.D. and is not supported by competent substantial evidence.

DCF proved that there is a nexus between Le.H.'s unexplained injuries and the significant risk of harm to his siblings. Thus, we affirm the order adjudicating Le.H. dependent but reverse the order to the extent that the trial court failed to adjudicate La.H. and J.H. dependent.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and SALARIO, JJ., concur.

.