NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| In the Interest of C.E, a child. | ) |
| ———————————————— | ) |
| | ) |
| K.E., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )  Case No. 2D19-1191 |
| | ) |
| DEPARTMENT OF CHILDREN AND | ) |
| FAMILIES and GUARDIAN AD LITEM | ) |
| PROGRAM, | ) |
| | ) |
| Appellees. | ) |
| ———————————————— | ) |

Opinion filed November 8, 2019.

Appeal from the Circuit Court for
Hillsborough County; Emily A.
Peacock, Judge.

Scott L. Robbins and Elizabeth D.
Burchell of Law Office of Scott L.
Robbins, Tampa, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Mary Soorus,
Assistant Attorney General, Tampa,
for Appellee Department of Children
and Families.

Thomasina Moore and Joanna
Summers Brunell, Appellate Counsel,
Tallahassee, for Appellee Guardian ad
Litem Program.

PER CURIAM.

K.E. (the Mother) appeals the order adjudicating her child, C.E. (the Child), dependent. We reverse.

At approximately five weeks old, the Child suffered an oblique fracture of his left humerus. In a previous opinion in this case, K.E. v. Department of Children & Families, 263 So. 3d 202, 213 (Fla. 2d DCA 2019), this court reversed the final judgment terminating the Mother's parental rights, holding, among other things, that the Department of Children and Families (the Department) had "failed to prove that the Mother was involved in egregious conduct or that the Child's life, safety, or health would be threatened by continued interaction with the Mother." See also § 39.806(1)(c), (f), Fla. Stat. (2017). In so holding, we concluded that "[t]he trial court's finding that the Mother 'either inflicted the [Child's] injury, or knows who did and is covering for that person' [was] not based on competent, substantial record evidence, but rather on the trial court's speculation." K.E., 263 So. 3d at 211. We also concluded that "[t]he Department did not offer any evidence that the Child would be harmed by continued custody with the foster parent while the Mother worked on a case plan," and we noted parenthetically that the Department did not even offer any evidence "that leaving the Child in the custody of the Mother would lead to abuse, abandonment, or neglect." Id. at 213. We remanded for further proceedings pursuant to section 39.811. K.E., 263 So. 3d at 213.

At a status conference on remand, both the Department and the guardian ad litem requested that the trial court adjudicate the Child dependent based on the evidence that had been presented at the termination hearing. The court granted their

- 2 -

request and, without hearing any new evidence, adjudicated the Child dependent under sections 39.01(15)(a) and (f), Florida Statutes (2018), which define a dependent child as one who was abandoned, abused, or neglected or who is at substantial risk of imminent abandonment, abuse, or neglect.

The trial court's findings in its dependency order are nearly identical to those in its final judgment of termination of parental rights. But its findings of abuse or neglect by the Mother in connection with the Child's injury, as well as its findings of a substantial risk of imminent abuse or neglect, are no better supported now than they were then. Consequently, they are insufficient even under the lower preponderance-of-the-evidence standard applicable to adjudications of dependency. See Guardian ad Litem Program v. C.H., 204 So. 3d 122, 124 (Fla. 2d DCA 2016) ("A child may be adjudicated dependent if the court finds by a preponderance of the evidence that the child is abused, abandoned, or neglected or that the child is 'at substantial risk of imminent abuse, abandonment, or neglect.' " (citing § 39.01(15)(a), (f), Fla. Stat. (2015))). As additional grounds for adjudicating the Child dependent, the court, in its written order,[1] cited evidence in the termination proceeding that the Mother, who had been breastfeeding, had smoked cigarettes despite having been advised against it. The court also cited evidence that the Mother, despite having been advised on "safe sleep practices" and against "co-sleeping," had nonetheless fallen asleep with the Child a few times and, on one occasion, had dropped the Child after dozing off while nursing him in her bed. Not only was this evidence a year old at the time of the dependency

---

[1]At the status conference, the trial court did not mention these additional grounds for adjudicating the Child dependent; there, the sole reason that the court gave was "the fact that I think there was intentional injury."

adjudication (and nearly two years old now), but we are loath to affirm an adjudication of dependency based on evidence that a nursing new mother is a tired smoker.

We therefore reverse the order adjudicating the Child dependent and remand for dismissal of the petition.  See § 39.811(1)(b) (providing that if grounds for termination of parental rights have not been established by clear and convincing evidence and grounds for dependency have not been established, the trial court shall dismiss the petition).

Reversed.

KELLY, BLACK, and ROTHSTEIN-YOUAKIM, JJ., Concur.